**DE LOURETT, et al., v. KERLIN et al.**

No. 12717.

United States Court of Appeals, Fifth Circuit.

June 14, 1950.

Floyd Duke James, San Antonio, Tex., T. Gilbert Sharpe, Brownsville, Tex., for appellants.

Harbert Davenport, Crawford J. Cofer, Brownsville, Tex., Brian S. Odem, U. S. Atty., Scott W. Key, Asst. U. S. Atty., Houston, Tex., for appellees.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

PER CURIAM.

Submitted on the motion of appellants, Martina Vara De Lourett, et al, and appellees, to dismiss the appeal for want of conformity to the rules, and on the merits at the same time, both matters were argued orally and on briefs, and stand now for decision.

Three major points are made for dismissal. The first, having to do with the notice of appeal, is that instead, as required by Rule 73(b), Federal Rules of Civil Procedure, 28 U.S.C.A., of "specify[ing] the parties taking the appeal", the notice of appeal on which the appellants, heirs of Francisco Balli, rely, describe the appellants under the general classification of the heirs and descendants of named persons.

The second point has to do with the bond on appeal.

The third point is: that the otherwise unidentified appellants, except as heirs of Balli, represented by Floyd Duke James, have failed to comply with the printing rules of this court by causing the record

to be printed; that they have failed to pay any portion of the costs for printing the record, which were borne by other appellants, Martina Vara De Lourett et al; and that said appellants and appellees, having agreed that the appeal should be dismissed, appellants, heirs of Francisco Balli, were without a record to prosecute their appeal.

■ On the argument of the case, however, appellees stated to the court that they would prefer, unless the court believed the matters jurisdictional and unwaivable, that the case be disposed of on the merits rather than on the motion to dismiss, and the court, of the opinion that they can be waived, has concluded to waive them and consider the case on the merits.

Turning to a consideration of the case on the merits, we find neither in appellants' brief nor in the record any basis whatever for a reversal of the judgment.

Appellants do not at all deny that the case was decided against their claims on controverted questions of fact. They insist, though, that these fact decisions were wrong. They do not at all deny that the persons in whose favor judgment was rendered have, and have had, possession of the land for many years and that there was a finding on limitations in favor of appellees. They claim, however, that under some theory, not made plain, that the decision of the Supreme Court in the California Tidelands case and the Treaty of Guadalupe Hidalgo prevents the application of the Texas Statute of Limitations against them.

They admit, too, the adjudications relied on by the Special Master, the District Judge below, and the appellee here, in State v. Balli, 144 Tex. 195, 190 S.W.2d 71, and the judgments in the District Court of Cameron County, Texas, in cause No. 2935, Villareal v. A. A. Browne, in No. 6515, Lizzie Havre v. Pat F. Dunn, in No. 6552, O. P. Hereford v. Maria Josefa Balli, but they deny the scope and effect of those judgments upon the claim, which they do not support by authority, that "The State of Texas does not have the impression of sovereignty of said lands and as such is not legally able to decide the question of titles and adjudication thereof", and, therefore, those judgments rendered against them were without force or effect.

■ We find no basis, whatever, in the record, and no authority cited to support, these claims. The case, on the contrary, is simply one in which the respective rights of appellees and appellants were heard and determined in favor of the appellees, and nothing is made to appear either in the briefs or the records to in any manner impeach or overthrow the judgment of the court below, or the earlier judgments, in which the rights of appellees and those under whom they claim were settled and determined. Looked at from any standpoint, therefore, the claims of appellants are untenable, whether regarded as unwarranted collateral attacks on earlier judgments[1] or as efforts to set aside a judgment based upon findings on controverted issues.

No error being made to appear, the judgment is

Affirmed.

1. State v. Humble Oil & Ref. Co., Tex. Civ.App., 187 S.W.2d 93; Sloan v. Thompson, 4 Tex.Civ.App., 419, 23 S.W. 613; Foote v. Sewall, 81 Tex. 659, 17 S.W. 373; State Mtg. Corp. v. Affleck, Tex.Com.App., 51 S.W.2d 274; Edens v. Grogan-Cochran Lbr. Co., Tex.Civ.App., 172 S.W.2d 730; Blaske v. Settegast, 58 Tex.Civ.App. 10, 123 S.W. 220; Levy v. Roper, 113 Tex. 356, 256 S.W. 251; Jordan v. Texas & Pacific Coal Co., Tex.Civ.App., 152 S.W.2d 875; Perdue v. Miller, Tex.Civ.App., 64 S.W.2d 1002; Gann v. Putman, Tex.Civ.App., 159 S.W.2d 931; Ruland v. Levy, 135 Tex. 591, 144 S.W.2d 883; Foust v. Warren, Tex.Civ.App., 72 S.W. 404, 406; Landa v. Isern, 141 Tex. 455, 174 S.W.2d 310.